**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JENNIFER SPENCE,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-844E-20-0444-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: September 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Spence, Las Vegas, Nevada, pro se.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for a Federal Employees' Retirement System (FERS) disability retirement annuity. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant alleges that, after the initial decision was issued, the Social Security Administration (SSA) granted her disability insurance benefits. Petition for Review (PFR) File, Tab 1 at 4. She does not otherwise claim that the administrative judge erred in her findings. *Id.* The appellant also submitted the SSA determination, and the medical documentation underlying the determination, which pre-dates the initial decision. PFR File, Tabs 5-10. Considering the evidence submitted by the appellant for the first time on review, we still find that the appellant did not prove she is entitled to FERS disability retirement benefits.[2]

---

[2] Because the appellant did not request a hearing, we have considered the relevant medical evidence that she has submitted for the first time on review without remanding the appeal. *See Jones v. Department of the Interior*, 97 M.S.P.R. 282, ¶ 7 (2004) (explaining that if an administrative judge did not hold a hearing, the Board is free to substitute its factual findings for those of the administrative judge) (citing *Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002)).

The Board has consistently held that an award of SSA benefits is relevant, but not dispositive, in a FERS disability retirement appeal if the conditions underlying both applications are the same. *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 6 (2009). Generally, the Board will not consider evidence relating to a different or additional medical condition that was not the subject of the appellant's application to OPM. *Rozar v. Office of Personnel Management*, 61 M.S.P.R. 136, 140 (1994). However, the Board has held that an exception to this general rule exists if there is sufficient evidence that the newly raised condition was related to the condition on which the application was based and, thus, is not a totally different or additional condition. *Gardner v. Office of Personnel Management*, 91 M.S.P.R. 391, ¶ 11 (2002) (citing *Chappell v. Office of Personnel Management,* 79 M.S.P.R. 302, ¶ 6 (1998)). In such cases, the Board will consider the causal or exacerbating effect of various medical conditions on each other. *Id.*; *Chappell,* 79 M.S.P.R. 302, ¶ 11.

Here, the appellant applied for FERS disability retirement based on the wrist injury and low back sprain that resulted from her March 2019 tripping incident at work, specifically, a "lumbar strain" and "right wrist contusion." Initial Appeal File (IAF), Tab 8 at 21, 53, Tab 13 at 5. Meanwhile, the SSA decision was based on her conditions of temporomandibular joint, headaches, obesity, and degenerative disc disease of the lumbar spine. PFR File, Tab 5 at 42-46. There is nothing in the SSA decision that suggests that it based its determination of disability on a wrist condition. *Id.* Therefore, the SSA decision provides no basis to disturb the administrative judge's finding that the appellant failed to establish that she was entitled to a FERS disability retirement annuity as a result of her wrist condition. IAF, Tab 30, Initial Decision at 9-12 & n.3.

As to the appellant's condition of back sprain or strain, this condition is not directly referenced in the SSA decision granting benefits. PFR File, Tab 5 at 39-47. Instead, the SSA concluded that the appellant had a disabling back condition, based, in part, on an August 2020 x-ray of her lumbar spine that

resulted in a finding of sacralization, facet arthropathy, and degenerative disc disease. *Id.* at 43-44 & n.5; IAF, Tab 15 at 7. However, none of the evidence in the record below or produced on review suggests that the appellant's sacralization, facet arthropathy, or degenerative disc disease is causally related to her back strain, which was the basis of her application to OPM. Nor has the appellant alleged the conditions are related. Furthermore, to the extent that the appellant's back sprain worsened and developed into degenerative disc disease, such evidence does not prove that she is entitled to FERS, because the evidence does not reflect that the condition was disabling at the time she was employed by the agency. *See Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007) (setting forth the elements necessary to prove entitlement to disability retirement annuity, including, as relevant here, establishing that an appellant became disabled while employed in a position subject to FERS). Accordingly, neither the SSA decision, nor the underlying medical documentation, warrant a different outcome.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.